IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHANE ALVIN GEEDY,  :
:
    Petitioner  :
:
v.  :  CIVIL NO. 4:CV-14-447
:
MICHAEL OVERMEYER,  :  (Judge Brann)
:
    Respondent  :

## MEMORANDUM

April 25, 2014

**Background**

Shane Alvin Geedy, an inmate presently confined at the Forest State Correctional Institution, Mariensville, Pennsylvania (SCI-Forest), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Forest Superintendent Michael Overmeyer. Petitioner has also submitted an in forma pauperis application which will be granted. See Doc. 2. Incorporated within the Petition is Geedy's request "to Stay and Abey Federal Habeas Corpus Proceeding(s)." Doc. 1, p. 1. Service of the Petition has not yet been ordered.

According to the Petition, Geedy was convicted of first degree murder on September 13, 2007 following a jury trial in the Court of Common Pleas of

Cumberland County, Pennsylvania.  Petitioner states that he was sentenced on October 9, 2007 to a mandatory term of life imprisonment without parole .

Following denial of post-trial motions on February 11, 2008, Geedy asserts that he filed a direct appeal to the Superior Court of Pennsylvania.  Petitioner's conviction and sentence were subsequently affirmed.  See Commonwealth v. Geedy, 984 A.2d 863 (Pa. Super Aug. 3, 2009)(Table).  A petition for allowance of appeal was thereafter denied by the Supreme Court of Pennsylvania.  See Commonwealth v. Geedy, 991 A.2d 310 (Pa.  March 16, 2010)(Table).

Geedy states he next sought collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) on March 16, 2011.[1]  The Petition acknowledges that Geedy' PCRA action was denied by the Court of Common Pleas on December 30, 2011.  See  Doc. 1, Exhibit D.  An unsuccessful appeal of that decision was filed with the Superior Court of Pennsylvania.  See Commonwealth v. Geedy, 64 A.3d 269 (Pa. Super Jan. 3, 2013)(Table).  Petitioner claims that his counsel neglected to timely appeal that decision to the Supreme

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Court of Pennsylvania. However, Geedy contends that he has filed a pro se petition for allowance of PRCA appeal nunc pro tunc which is presently pending before the Supreme Court of Pennsylvania. See Doc. 1, ¶ 12.

Petitioner states that his pending federal habeas corpus action includes the following three exhausted claims: (1) the trial court acted improperly by not instructing the jury as to the elements of voluntary manslaughter; (2) the trial court erred by not granting him a new trial; and (3) the application of the deadly Weapon Doctrine violated his due process rights. Geedy adds that he is also pursuing two unexhausted claims before this Court: (4) the trial court erred by not finding that trial counsel was ineffective with respect to the voluntary manslaughter instruction; and (5) ineffective assistance of PCRA counsel.[2] According to Geedy, his unexhausted ineffective assistance of trial counsel claim (4) is included in his pending pro se petition for allowance of PRCA appeal nunc pro tunc before the Supreme Court of Pennsylvania.

As previously discussed, Geedy's instant federal Petition includes a request that this matter be held in abeyance pending disposition of his pro se petition for allowance of PRCA appeal nunc pro tunc which is presently before the Supreme

---

[2] The unambiguous statutory language of 28 U.S.C. § 2254(i) precludes § 2254 habeas relief for ineffective or incompetence of counsel during Federal or State collateral post-conviction proceedings. Accordingly, Petitioner's claim of ineffective assistance of PCRA counsel is not a proper basis for federal habeas corpus relief.

Court of Pennsylvania. Petitioner argues that granting his request will allow him to complete exhaustion of his unexhausted claim.

**Discussion**

Geedy's pending request for stay maintains that he has filed a timely § 2254 petition and that one of his pending claims is presently pending before the Supreme Court of Pennsylvania via his pro se petition for allowance of PRCA appeal nunc pro tunc. Petitioner requests that this request for federal habeas corpus relief be stayed pending disposition of his pending state court petition.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a

habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal

could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed. In the present case, although there is a question as to whether Geedy's pending federal petition is timely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996, it cannot be determined at this juncture that his action is clearly untimely. Petitioner has requested a stay because this pending § 2254 action includes a claim that he previously raised via a petition for allowance of PRCA appeal nunc pro tunc which is still before the Supreme Court of Pennsylvania.

As in Crews, Geedy should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Recognizing that Geedy may not have any additional time in which to file a new federal habeas petition after disposition of his pending state court petition if not granted a stay, Crews counsels in favor of a stay of litigation in this case while Geedy completes state review of his pending unexhausted federal claim. Accordingly, Petitioner's request for a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30)

days of disposition of Petitioner's petition for allowance of PRCA appeal <u>nunc pro tunc</u> or any resulting state court PCRA proceedings regarding his pending federal unexhausted claim, he will be required to file a written status report with this Court which includes a copy of the relevant state court disposition. Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted, until such time, this matter will be marked closed for administrative purposes. An appropriate Order will enter.[3]

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge

---

[3] Petitioner is advised that the issuance of this Memorandum and Order does not preclude a future finding by this Court that his instant § 2254 action is time barred.